IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00039-KDB

| MICHAEL RINK, | |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| VICOF II TRUST, | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Michael Rink's ("Rink") Motion to Compel enforcement of subpoenas requesting the production of documents from non-parties PFP Funding I LLC, PFP Funding II LLC, CHC Financial LLC, and Coventry Capital I LLC (collectively the "Subpoenaed Companies"), Doc. No. 25, along with several unopposed motions to seal various papers filed in connection with the motion. *See* Doc. Nos. 32, 44 and 48. The Court has carefully considered these motions and the parties' briefs and exhibits in support and opposition. For the reasons discussed below, the Court will **DENY** Plaintiff's motion to compel and **GRANT** all of the motions to seal.

## I. FACTS AND PROCEDURAL HISTORY

In this action, Rink seeks to recover the proceeds of a $1.5 million life insurance policy (the "Policy") on the life of Ann Rink on the grounds that the Policy was intended to benefit third-party investors who allegedly lacked an insurable interest in Ms. Rink's life. *See* Doc. No. 25 at 1–2. Rink asserts that Delaware law governs the Policy. On February 26, 2021, Rink served subpoenas on the Subpoenaed Companies pursuant to Rule 45 of the Federal Rules of Civil Procedure demanding the production of documents in Raleigh, North Carolina. Doc. No. 25-2.

1

The Subpoenaed Companies are not parties to this action but are current or former[1] affiliates of Coventry First LLP ("Coventry"), which is described as "a family of interrelated Delaware entities" that includes the Defendant VICOF II Trust. *See* Doc. No. 51-2 at ¶ 3. Each of the Subpoenaed Companies is a Delaware limited liability company with its principal place of business at 7111 Valley Green Road, Fort Washington, Pennsylvania. *Id.* at ¶ 6. The subpoenas seek documents related to, inter alia, Ms. Rink, the Policy and the Defendant Trust.

The Subpoenaed Companies objected to the subpoenas (and refused to produce any documents), based on their contention that the substance of the subpoenas indicated that Coventry's former counsel, Cozen O'Connor ("Cozen"), had played an active role in designing and drafting the subpoenas and thus had a conflict of interest under the applicable Rules of Professional Responsibility. *See* Doc. No. 51-22 at 2–3.[2] Plaintiff then filed his motion to compel the discovery in this Court. Doc. No. 25. In addition to their substantive objection based on the alleged conflict of interest, the Subpoenaed Companies argue in response to the motion that this Court lacks personal jurisdiction over two of the Subpoenaed Companies and that the subpoenas are defective under Federal Rule of Civil Procedure 45(c). *Id.* at 3. The matter is now ripe for decision.

---

[1] One of the companies (PFP Funding I LLC) previously existed within the Coventry family, but was dissolved in 2016. Id. at ¶ 4.

[2] In addition to their objection to Plaintiff's counsel's alleged conflict of interest, the Subpoenaed Companies stated a number of other objections that Plaintiff characterizes as "boilerplate" objections. As discussed below, the Court does not reach the merits of any of the Subpoenaed Companies' objections but notes that it strongly discourages and will not enforce objections that it finds to be mere "boilerplate" objections unrelated to, for example, the actual relevance and burdens of discovery.

## II. DISCUSSION

The Court will, as it must, first address the questions raised by the Subpoenaed Companies related to the Court's jurisdiction over the entities and the motion itself. In accordance with the constitutional guarantee of due process, Federal courts must have independent personal jurisdiction to compel production from a party or nonparty. *See Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) ("To enter a judgment that adjudicates the rights of a party, a federal court must have personal jurisdiction over that party."); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 141 (2d Cir. 2014) ("A district court... must have personal jurisdiction over a nonparty to compel it to comply with a valid discovery request."). The party invoking jurisdiction bears the burden of establishing that personal jurisdiction exists. *See, e.g.*, *Sneha Media & Ent., LLC v. Assoc. Broad. Co., Ltd.*, 911 F.3d 192, 197 (4th Cir. 2018); *Grayson v. Anderson*, 816 F.3d 262, 268 (4th Cir. 2016) (requiring a *prima facie* showing of personal jurisdiction).

Personal jurisdiction can be found based either on "general" personal jurisdiction or "specific" personal jurisdiction. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Courts may assert general jurisdiction over claims against corporations when the corporation maintains continuous and systematic contacts with the forum state. *See Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*, 326 U.S. 310, 317 (1945). It is commonly understood that corporations are "at home" in their state of incorporation and in the state where they maintain their primary place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014).

Alternatively, specific personal jurisdiction relies on the nexus between the entity over which jurisdiction is sought, the forum, and the case in controversy. *See Walden v. Fiore*, 571

U.S. 227, 284 (2014). In considering whether specific jurisdiction is appropriate, this Court considers: (1) the subject's minimum contacts with the forum state (*see Int'l Shoe*, 326 U.S. at 317); (2) whether the subject purposely targeted the forum state (*see Calder v. Jones*, 465 U.S. 783, 789 (1984)); (3) whether a tight causal connection can be established between the subject's conduct and the case in controversy (*Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 1780 (2017)); and (4) principles of constitutional fairness.

Here, it is undisputed that all the Subpoenaed Companies are incorporated in the District of Delaware and maintain their primary place of business in the Eastern District of Pennsylvania. Doc. No. 51-2 at ¶ 6. Therefore, this Court lacks general personal jurisdiction over all the Subpoenaed Companies. Further, neither CHC Financial LLC nor PFP Funding II LLC had any contact with Plaintiff or the insurance policy at issue.[3] *Id*. Therefore, the Court does not have personal jurisdiction over CHC Financial LLC or PFP Funding II LLC and must accordingly decline to rule on enforcement of the subpoenas against those companies.

With respect to Coventry Capital I, the Subpoenaed Companies admit that it is subject to personal jurisdiction in this District, Doc. No. 51 at 10, but the parties do not address the remaining company, PFP Funding I LLC, in their response other than to say it was dissolved in 2016.[4] Doc.

---

[3] Plaintiff argues that the Court's acknowledged personal jurisdiction over Coventry Capital I, another of the Subpoenaed Companies, is sufficient to extend specific personal jurisdiction to CHC Financial and PFP Funding II based on the alleged "interdependence" of the companies. *See* Doc. No. 43 at 12. The Court disagrees. With respect to personal jurisdiction, the Court must determine whether *each* company has sufficient contacts with the District. Thus, accepting Plaintiff's argument that Coventry Capital I's minimum contacts are sufficient to confer specific personal jurisdiction onto a nonparty affiliate would effectively require this Court to pierce the corporate veil for jurisdictional purposes. *See Goodyear*, 564 U.S. at 930. The Court is unwilling to do so on the record presented.

[4] The fact of the company's dissolution, standing alone, is insufficient to exempt PFP Funding I from compliance with a discovery subpoena under Delaware law. *See* Del. Code Ann. tit. 6 §§ 18-803(b), 18-805.

4

Case 5:20-cv-00039-KDB   Document 60   Filed 07/27/21   Page 4 of 6

No. 51-2 at ¶ 4. However, even assuming for the purposes of this motion that the Court could exercise personal jurisdiction over PFP Funding I, the Court cannot address the merits of these subpoenas because the motion to compel has been filed in the wrong District. Under Fed. R. Civ. P. 37(a)(2), a motion to compel a nonparty must be brought in the court where discovery will take place. This accords with Fed. R. Civ. Pro. 45(d)(1), which vests the power to enforce a subpoena with the court where compliance is required. Here, the motion to compel seeks to enforce compliance outside of this District as to all the Subpoenaed Companies. Therefore, this Court is the wrong venue for Plaintiff's motion.[5]

In sum, because the Court lacks personal jurisdiction over two of the Subpoenaed Companies and is the wrong forum for a motion to compel against the others under Rule 37, the Court must deny the motion to compel. However, to be clear, the Court does so without prejudice to the motion being refiled in a proper district and without reaching a determination as to whether the underlying subpoenas comply with Rule 45 or if Plaintiff's counsel has a conflict of interest that limits their participation in this action.[6]

---

[5] It appears to the Court that, based on the parties' arguments and the available facts, the appropriate forum for such a motion lies in the Eastern District of Pennsylvania, because all the Subpoenaed Companies are subject to general personal jurisdiction there and the documents sought by Plaintiff can be located and produced in that District.

[6] While the Court does not reach the merits of the subpoenas as currently prepared and served, the Court notes that at least some, if not all, of the requests seek documents directly related to the claims made in this action (e.g. documents related to Ms. Rink, the Policy and the Trust at issue). Therefore, the Court encourages and expects counsel for Plaintiff, Defendant and the Subpoenaed Companies to cooperate and use common sense to facilitate the sensible production of relevant documents in the interest of resolving this matter in a timely fashion and avoiding unnecessary litigation that does not focus on the merits of the parties' dispute.

5

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Plaintiff's Motion to Compel Discovery (Doc. No. 25) is **DENIED without prejudice;**

2. The Subpoenaed Companies' Motion to Seal (Doc. No. 32) is **GRANTED;**

3. Plaintiff's Motion to Seal (Doc. No. 44) is **GRANTED;** and

4. The Subpoenaed Companies' Motion to Seal (Doc. No. 48) is **GRANTED.**

**SO ORDERED, ADJUDGED, AND DECREED**.

Signed: July 26, 2021

Kenneth D. Bell
United States District Judge