**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:20-CV-00039-KDB**

| | |
|---|---|
| **MICHAEL RINK,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **VICOF II TRUST,** | |
| **Defendant.** | |

As reflected on the docket, the Court held a Pretrial Conference in this matter on May 11, 2022. By this Order, the Court briefly summarizes its primary rulings and the representations of counsel during the hearing as follows:

1. Plaintiff's Motion in Limine #2 (Doc. No. 95) is **GRANTED** and Ryan Byrd is prohibited from testifying because he was not timely identified as a potential witness;

2. Plaintiff's Motion to Permit Testimony via Contemporaneous Transmission is **DENIED** because the witnesses sought to be remotely presented were not timely identified as potential witnesses. However, the Court encourages the Parties to stipulate on the factual import of the documents about which these witnesses were going to testify, subject to Defendant's ability to object to the relevance of the documents;

3. Defendant informed the Court that it was withdrawing its Counterclaims and all its defenses other than its Second Defense (Standing), Third Defense (Release) and

1

Fourth Defense (Ratification). Plaintiff asserted no objection to Defendant's withdrawal of these Counterclaims and defenses, which are hereby withdrawn;

4. With respect to Defendant's remaining defenses, those issues will not be submitted to the jury, but rather will, if it is necessary to do so, be decided by the Court following the jury's verdict;

5. Plaintiff represented to the Court that if it chooses to call Joseph McCray, it will do so through live testimony rather than by deposition if he is made available to testify (and Defendant represented that he would be available);

6. With respect to the presentation of evidence of "Other Litigation" (*see* Doc. Nos. 94, 112), if the evidence is relevant at all following Defendant's withdrawal of its UCC defense, Plaintiff shall not be permitted to present evidence of the outcome of the Other Litigation even if some evidence of "Other Litigation" is allowed (in the absence of Defendant otherwise "opening the door" to such testimony);

7. Regarding the relevance of testimony and documents related to what Plaintiff refers to as the "Coventry program," the Parties are, as stated above, encouraged to stipulate to general facts regarding Coventry's business. Except as so stipulated, the Court will rule on the relevant scope of the proffered testimony and documents at trial.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: May 11, 2022

Kenneth D. Bell
United States District Judge

2